## DALLAVO *v.* MORSE.

REPLEVIN—TITLE TO SUPPORT ACTION—EXECUTION SALE—EVIDENCE.

Plaintiff brought replevin for 20,000 feet of hemlock lumber, to which he claimed title through one who had purchased at an execution sale. The indorsement of levy and notice of sale described the property as "75,000 feet of lumber, in 45 piles, consisting of birch, ash, elm, maple, pine, and oak lumber, piled and situated on the mill yard of H. [the execution debtor]." There were six or seven other piles of lumber in the yard at the time of the levy. Before the sale, defendant bought of the execution debtor the hemlock lumber in controversy. Plaintiff claimed that the hemlock was intermingled in the 45 piles of lumber levied upon and advertised for sale, but the record on appeal failed to disclose that such was proved to be the case. *Held*, that plaintiff did not show himself entitled to maintain the action.

Error to Montcalm; Daboll, J., presiding. Submitted October 5, 1897. Decided November 17, 1897.

Replevin by John Dallavo against Bert Morse. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*F. A. Miller* and *McGarry & Nichols*, for appellant.

*V. H. & H. H. Smith*, for appellee.

MOORE, J. Plaintiff brought replevin to recover 20,000 feet of hemlock lumber, which he purchased from one Douglas, who got his title through an execution sale.

The execution was issued in a suit wherein said Douglas obtained a judgment against one Hatinger. The execution was delivered to the sheriff, who proceeded to make a levy upon certain lumber in the yard of Hatinger. The sheriff made no indorsement upon the execution of his levy, but says he did make an indorsement of the levy on another paper, which indorsement was similar to the notices of sale which were posted. The paper was lost, and its contents not proven except as just stated. The notice of sale read as follows:

### "SHERIFF'S SALE.

"Notice is hereby given that by virtue of a writ of *fieri facias* issued out of the circuit court for the county of Montcalm, dated August 8, 1895, in favor of George Douglas, as plaintiff, against the goods and chattels and real estate of Jacob J. Hatinger, as defendant, in said county, to me directed and delivered, I have this day levied on and taken the following goods and chattels, that is to say: 75,000 feet of lumber, in 45 piles, consisting of birch, ash, elm, maple, pine, and oak lumber, and now piled and situated on the mill yard of the said Jacob J. Hatinger, near Kirby Lake, in the township of Home, in the county of Montcalm and State of Michigan, all of which I shall expose for sale and sell at public vendue to the highest bidder at the mill yard of the said Jacob J. Hatinger, near Kirby Lake, in the township of Home, in the county of Montcalm, Michigan, on the 22d day of August next, A. D. 1895, at 10 o'clock in the forenoon of said day.

"CHARLES M. KING, Sheriff."

There were 6 or 7 other piles of lumber in the yard at the time of the levy. At the sheriff's sale, Mr. Douglas bought the lumber. Before the sheriff's sale, defendant, Morse, bought the hemlock lumber in controversy from Mr. Hatinger, and Mr. Dallavo knew he claimed to be the owner of the lumber before he purchased from Douglas. The circuit judge held that the notice of sale was not simply irregular or defective, but that there was no notice of a sale of hemlock lumber. Plaintiff offered to show by parol that the hemlock was intermingled in the

45 piles of lumber; but the record does not disclose that the court excluded the testimony, or that any exceptions were taken, so that we must take the record just as it stands.    The record does not disclose that any levy was made upon the hemlock lumber, nor does the notice of sale indicate that any hemlock lumber was levied upon or was advertised for sale.    We think the trial judge entirely right in holding that plaintiff did not get such a title, by virtue of the levy and execution sale, as would entitle him to maintain this action.

Judgment is affirmed.

The other Justices concurred.